IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IHC HEALTH SERVICES,<br><br>      Plaintiff,<br>v.<br><br>EUREKA CASINO HOTEL HEALTH PLAN *et al.*,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PARTIAL MOTION TO DISMISS**<br><br>Case No. 2:19-cv-721-JNP-DBP<br><br>District Judge Jill N. Parrish |

  This matter is before the court on a partial motion to dismiss filed by Defendant Anthem Blue Cross and Blue Shield ("Anthem"). [Docket 11]. Anthem's motion is GRANTED.

## BACKGROUND

  Defendant Eureka Casino Hotel ("Eureka") sponsors an employee benefit plan, the Eureka Casino Hotel Health Plan (the "Plan"), for its employees and their beneficiaries. The Plan is regulated by Employee Retirement Income Security Act ("ERISA"). Eureka is the plan administrator of the Plan, while Anthem provides claims administration services for the Plan. R.B. is a participant and beneficiary of the Plan.

  Plaintiff IHC Health Services, Inc. ("IHC") operates several hospitals, including the Dixie Regional Medical Center ("DRMC") in St. George, Utah. Between September 14 and September 30, 2016, R.B. received Intensity Modulated Radiation Therapy at DRMC. Prior to the treatment, R.B. executed a Consent and Condition of Service form containing an assignment of benefits provision, assigning to IHC the benefits owed to R.B. under any insurance policy, such as the Plan.

IHC billed $13,139.45 for R.B.'s treatment at DRMC. Anthem denied IHC's claim, contending that the treatment was experimental or investigational. IHC appealed the denial of benefits claim. In addition, IHC requested copies of the Summary Plan Description and Plan Document on three separate occasions. Those requests were not sent directly to Eureka, however, and were instead directed to Anthem, the Plan's claims administrator, and to Regence Blue Cross, who is neither the claims administrator nor the plan administrator for the Plan. To date, IHC has not received the requested documentation.

IHC now brings suit, asserting three causes of action. First, IHC seeks recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B) ("Section 1132(a)(1)(B)"). Second, IHC alleges breach of fiduciary duties under 29 U.S.C. § 1132(a)(2) ("Section 1132(a)(2)"). Third, IHC seeks statutory penalties for failure to provide plan information as requested under 29 U.S.C. § 1132(c)(1) ("Section 1132(c)(1)"). Anthem seeks dismissal of the second and third causes of action, moving under Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## ANALYSIS

### I. IHC's Second Cause of Action

IHC's second cause of action alleges breach of fiduciary duties under ERISA in violation of Sections 1104, 1109, and 1132(a)(2) and (3). Defendant Anthem moves to dismiss this claim, arguing both that IHC's second cause of action is duplicative of its first and that IHC lacks standing to bring its second cause of action. IHC concedes that it cannot maintain its breach of fiduciary duties claim. IHC's second cause of action is therefore dismissed.

### II. IHC's Third Cause of Action

IHC's third cause of action seeks statutory penalties under Section 1132(c)(1), which provides that

> [a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal . . . .

29 U.S.C. § 1132(c)(1). IHC seeks "at least $180,510.00" in statutory damages under this provision.

Anthem moves this court to dismiss IHC's third cause of action for two reasons. First, Anthem argues that IHC does not have standing to bring this cause of action because IHC is not a participant or beneficiary of the Plan. Second, Anthem argues that even if IHC has standing to sue, none of IHC's requests for plan information were sent to Eureka, the plan administrator, as is required for liability under Section 1132(c)(1).

The court concludes that IHC lacks standing to bring a claim for statutory damages under Section 1132(c)(1). This court addressed this exact issue in *IHC Health Servs., Inc. v. Citibank NMTC Corp.*, No. 2:18-cv-695, 2019 WL 3752506, (D. Utah Aug. 8, 2019), concluding that IHC, a party to that case as well, lacked standing to bring a cause of action for statutory damages under Section 1132(c)(1). The court adopts the reasoning articulated in that case. As a result, the court need not address Anthem's second argument.

The courts of appeals have broadly held that healthcare providers gain standing to sue for payment of benefits under Section 1132(a)(1)(B) when a patient assigns payment of insurance benefits to the healthcare provider. *DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 877 n.7 (9th Cir. 2017) ("An assignment of the right to receive payment of benefits generally includes the limited right to sue for non-payment under [Section 1132(a)(1)(B).]"); *Brown v. BlueCross BlueShield of Tenn., Inc.*, 827 F.3d 543, 547 (6th Cir. 2016) (noting the broad consensus among courts of appeals that when a patient assigns payment of insurance benefits to a

3

healthcare provider, that provider gains standing to sue for that payment); *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 373 (3d Cir. 2015) ("Every United States Court of Appeals to have considered this question has found, as we do, that an assignment of benefits is sufficient to confer ERISA standing."); *Rojas v. Cigna Health & Life Ins. Co.*, 793 F.3d 253, 258 (2d Cir. 2015) ("The assignments allegedly executed by the patients, however, confer to Rojas *only* the right to pursue the participants' claims for payment, not other categories of ERISA claims.").

Though the Tenth Circuit has not directly addressed the issue, it has suggested support for this same position, noting in an unpublished opinion that healthcare providers "'generally are not considered beneficiaries or participants under ERISA and thus lack standing to sue' unless they have 'a written assignment of claims from a patient with standing to sue under ERISA.'" *Denver Health & Hosp. Auth. v. Beverage Distributors Co., LLC*, 546 F. App'x 742, 745 (10th Cir. 2013) (quoting *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1301–02 (11th Cir. 2010)) (unpublished).

While courts have broadly recognized that a patient may assign his right to sue for payment of benefits to a healthcare provider, it does not necessarily follow that a patient may assign his right to enforce other statutory provisions of ERISA. Further, regardless of whether such an assignment would be valid, the assignment of benefits provision in this case assigns to IHC nothing more than the right to sue for benefits.

The assignment of benefits provision reads[1]:

---

[1] The assignment of benefits provision, found in the Consent and Condition of Service form that R.B. signed before receiving treatment, is a document outside of IHC's complaint. Generally, Rule 12(d) would prohibit a 12(b)(6) movant from relying on documents outside of the complaint or would obligate this court to convert the motion to dismiss into a motion for summary judgment under Rule 56. *See* FED. R. CIV. P. 12(d). However, "[c]ourts are permitted to review documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521

4

> **Assignment of Benefits—Attorney-In-Fact.** By signing below, I hereby assign and transfer to the Facility, and to any other health care provider for whom Facility bills, the benefits of any insurance policy or other arrangement that may provide payment for some or all of my care. I also authorize and appoint the Facility and anyone it may designate as my attorney-in-fact for the purposes of communicating, appealing, negotiating, or otherwise pursuing in its discretion any or all legal remedies with any insurance company, group, organization, entity or any other payer to obtain payment for the Facility for the services that were provided to me.[2]

As Anthem concedes, this provision assigns to IHC "the benefits of any insurance policy or other arrangement that may provide payment for some or all of [the assignor's] care." It also authorizes IHC to pursue remedies to "obtain payment for [IHC] for the services that were provided to [the assignor]." The agreement does not, however, contemplate the assignment of other statutory rights under ERISA, such as the right under Section 1132(c)(1) to request plan documents and to recover damages in the event that those plan documents are not provided. Thus, the provision does not assign to IHC the right to bring IHC's third cause of action.

The terms of IHC's assignment of benefits provision do not convey standing to bring suit under Section 1132(c)(1). IHC's third cause of action for damages under Section 1132(c)(1) must therefore be dismissed.

---

(10th Cir. 2013) (internal quotation marks omitted). In its complaint, IHC relies on the assignment of benefits provision found within the Consent and Condition of Service form to argue that it has standing to pursue this action. IHC has not disputed the authenticity of the form. The form may therefore be considered.

[2] Less relevant to this motion, the provision also provides that the consent is intended to meet the requirements of 42 CFR § 438.402(c)(ii), which addresses a healthcare provider's authority to file a grievance or appeal on behalf of an enrollee after an adverse benefit determination. It also states that IHC is authorized to receive and deposit any money received against the charges of IHC or other health care providers.

## CONCLUSION AND ORDER

For the foregoing reasons, the court hereby ORDERS that Anthem Blue Cross and Blue Shield's motion to dismiss is GRANTED. [Docket 11]. Plaintiff IHC Health Services, Inc.'s second and third causes of action are hereby DISMISSED.

Signed September 24, 2020

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge